## FANNIE D. WHITFIELD ET AL. v. THOS. P. STILES ET AL. PRINCIPAL DEFENDANTS, AND ALLAN SHELDEN ET AL. GARNISHEES.

*Preferred Creditors—Burden of proof—Garnishee's disclosure.*

1. Debtors may lawfully prefer any honest creditor by mortgage, or may sell out to him an entire stock of goods to pay the debt.

2. Every plaintiff must make out his case by affirmative proof or by legal presumption; and where the jury think the facts shown are as consistent with defendant's honesty as with his dishonesty, the presumption of honesty is not overcome, and his dishonesty cannot be established.

3. A garnishee is plaintiff's witness so far as his answers are responsive, and though they are not conclusive if met by adequate testimony, they constitute part of the evidence in the case.

Error to Livingstone.  (Newton, J.)   June 11.—June 17.

Garnishment proceeding.  Plaintiffs bring error.  Affirmed.

*E. G. Embler* and *R. H. Person* for appellants.

*D. Shields* and *Jay Corson* for garnishees.

CAMPBELL, J. Plaintiffs, who are a commercial firm in New York, sued the principal defendants, who were merchants in Howell, on a debt for goods.' This suit was begun May 10, 1884. On the same day they garnished Allan Shelden & Co., a Detroit firm, as having assets of the principal debtors in their hands, and as indebted to them. The garnishees answered on the 27th of May, denying positively both allegations. Special interrogatories were also put to them, which they answered fully under oath, and the answers fully explained their dealings, and showed an absence of any liability. The case was then tried upon an issue, and the facts were all investigated, and the jury found a verdict for the garnishees.

The facts, upon which there is no serious controversy, were substantially these : Defendants Stiles & Brown were indebted to various persons, and among others to Allan Shelden & Co., of Detroit, who were their largest creditors, to whom they owed $3516.50, for which, on May 3, 1884, Brown gave the firm note, secured by chattel mortgage on their stock. Just previous to this, Mr. Hayes, agent of Shelden & Co., having ascertained that Stiles & Brown were proposing to divide their stock, and Brown was to take part of it to another town, objected to their doing so, and insisted on security unless they abstained, which they promised to do. But, upon a dissension between the partners, Brown went to Detroit and gave the note and mortgage, on Saturday, May 3d, and on Monday, Hayes went out and took possession and began to inventory, Stiles assenting. The inventory, at purchase rates, was nominally $5909.41, but it was testified the values had shrunk. When completed, a bill of sale was made, conveying the property absolutely to Shelden & Co. for a consideration named of $3700, being a small amount beyond what their debt would be without adding expenses. The goods were then offered for sale and bid off by Shelden & Co. for $3654, and they sold them again to Alley Bros., of Dexter, for the same price.

The argument made before us is rather on the facts than on the law, and seems chiefly to rest on the claim that these

transactions were void in law as against other creditors. The jury have found there was no fraud in fact.

We can see nothing to sustain the claim that these proceedings, if honest in fact, were not valid. There is no rule of law which will prevent debtors from preferring any honest creditor by mortgage, or from selling out to him an entire stock of goods, to pay his debt. And there is no rule of law which will prevent him from relying on his mortgage rights if he chooses, as well as on his bill of sale. All of such transactions must be honest, and may be defeated or attacked if fraudulent. But there is nothing in the record from which the law raises any presumption of fraud, or which would allow it to be made out without proof. The arguments urged before us were quite proper to be made before the jury. But if the jury did not yield to them they must fail, unless some rulings have been made in other respects which were erroneous.

It is claimed that error was committed in this regard because the court told the jury that " when the facts and circumstances proved, from which this conclusion is to be drawn, are consistent with an honest purpose, as 'well as with a fraudulent one, you should draw the conclusion of honesty."

This ruling was in accordance with the plainest principles of law. Every plaintiff must make out his case by affirmative proof, or by legal presumption ; and as the law does not presume dishonesty, it must be proved. It cannot be proved where the facts do not overcome the presumption against it. It would be a perversion of the charge, which is extremely well guarded, to make this detached expression equivalent to an instruction that they should not be satisfied with a preponderance of proof. Where the jury think the testimony is as consistent with honesty as with dishonesty, it is equivalent to a denial of any preponderance in either direction, and the party having the burden of proof must fail. If we look at the rest of the charge, it is clear in laying the whole subject fairly before the jury for decision upon the testimony as they believe it to preponderate.

The plaintiffs base one exception on a remark of the judge

that the answers of the garnishees to the special interrogatories are a part of the evidence in the case, and counsel claim that they stand, like answers in chancery, as mere allegations.

While not conclusive, if met by adequate testimony to the contrary, they are answers of persons whom the plaintiff has seen fit to question under oath, and thereby made witnesses to the extent of their responsive statements. An answer in chancery, if called for under oath, and responsive, is evidence for the defendant who puts it in, and it would be unreasonable to allow specific questions to be put and answered, and then give the plaintiff a right to exclude the answers from consideration. The court below did not undertake to give them any different force from that of other testimony. This was not error of which plaintiffs can complain.

The argument for plaintiffs very properly combined together in the course of reasoning the various grounds of error relied on. It is ingenious and forcible, but it chiefly deals with questions which were very properly left to the jury. We have referred to such of the matters dwelt upon as seem to involve legal questions, and in our opinion there was nothing in the action of the court below, so far as pointed out on the argument, which can be justly complained of. The diligence of Shelden & Company seems to have secured their entire debt, but no more.

The judgment must be affirmed.

The other Justices concurred.